UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Teresa Frederick,<br><br>          Plaintiff,<br><br>vs.<br><br>Wal-Mart Stores, Inc.,<br><br>          Defendant. | Case No.: 2:14-cv-1602-GMN-PAL<br><br>**ORDER** |

    Pending before the Court is the case of *Frederick v. Wal-Mart Stores, Inc.*, (2:14-cv-1602-GMN-PAL).  On October 2, 2014, the Court ordered that Defendant show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 6).  On October 15, 2014, Defendant filed a Response. (ECF No. 10).  For the reasons stated herein, the Court will remand this case to Clark County District Court.

**I.    BACKGROUND**

    This action centers upon Plaintiff Teresa Frederick's allegations that she was wrongfully discharged by Defendant Wal Mart Stores, Inc. due to her filing a worker's compensation claim. (Compl. 4:2-21, ECF No. 1-1).  This case was originally filed in Clark County District Court on June 25, 2014. (*Id.* at 1).  On September 30, 2014, Defendant removed the case, citing this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Pet. for Rem. 2:13-16, ECF No. 1).

    The Complaint sets forth two causes of action upon which Plaintiff seeks to recover general damages, special damages, consequential damages, and punitive damages, each in excess of $10,000. (Compl. 7:7-13).

## II.   LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## III.   ANALYSIS

This Court has original jurisdiction over all civil actions in which the amount in controversy: (1) exceeds the sum or value of $75,000; and (2) is between citizens of different States. 28 U.S.C. § 1332(a).  As discussed *infra*, Defendant fails to establish that the amount in controversy exceeds $75,000, and therefore the Court will remand this action.

In its Response, Defendant asserts that this case satisfies the amount in controversy requirement because Plaintiff seeks: (a) damages for up to three years of lost wages; (b) damages for emotional distress; and (c) punitive damages. (Def.'s Resp., ECF No. 10).  The Court will address each of these arguments in turn.

### a.   Lost Wages

Defendant claims that Plaintiff may ultimately seek $52,496.00 in damages for lost wages.  In support of this argument, Defendant states that Plaintiff was paid $9.65 per hour at the time of her termination. (Def.'s Resp 4:7-19).  Consistent with the Scheduling Order, (ECF No. 19), Defendant estimates that this case will proceed to trial

in August 2015. (Def.'s Resp. 4:11-13).  Assuming that Plaintiff would have continued to work an average of 34 hours per week, Defendant asserts that Plaintiff would have earned $52,496.00 in the 160 weeks between her termination on July 30, 2012, and the scheduled trial date in August 2015.  Therefore Court finds that Defendant has sufficiently shown that Plaintiff could reasonably seek $52,496.00 in damages for lost wages.

### b. *Emotional Distress*

Without citing to the Complaint or any evidence, Defendant states that "Plaintiff's potential recovery of emotional distress damages could add at least $25,000 to the amount in controversy." (Def.'s Resp. 5:11-13).  While it is conceivable that Plaintiff could seek such an amount based on emotional distress, Defendant has failed to point to any particular facts or allegations showing that Plaintiff is likely to seek such a large sum. Thus, Defendant has failed to carry its burden and the Court will not consider this amount within its calculation.

### c. *Punitive Damages*

Defendant asserts, without any reference to the facts of this case, that "[T]he amount in controversy on the punitive damages component of Plaintiff's claims is potentially between $100,000.00 and $300,000.00." (Def.'s Resp. 6:3-5).  Though Defendant is correct that the Court can, in some instances, consider a potential award of punitive damages to be within the amount in controversy, "it is not enough to tell the Court that [a plaintiff] seek[s] punitive damages, [the defendant] must come forward with evidence showing the likely award if [the plaintiff] were to succeed in obtaining punitive damages." *Wilson*, 250 F. Supp. 2d at 1264 (D. Idaho 2003); *see also, e.g.*, *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004).  Furthermore, a court cannot consider awards issued in other actions unless a defendant identifies similarities which

raise an inference that such an award might be warranted in the instant case. *See, e.g.*, *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998). Because Defendant has failed to identify any particular facts or allegations which might warrant a large punitive damage award, the Court will not consider punitive damages within its calculation.

Therefore the evidence put forward by Defendant demonstrates only that Plaintiff is seeking $52,496.00—far below the $75,000 minimum required for diversity jurisdiction. Accordingly, the Court will remand this case.[1]

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that that this action is remanded to Clark County District Court. The Clerk is instructed to close the case.

**DATED** this 12th day of December, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[1] Because Defendant has failed to carry its burden as to the amount in controversy, the Court need not determine whether complete diversity exists between Plaintiff and Defendant.